***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAEL KASSEM, | :<br>: |
| Petitioner, | : Civil Action No. 18-11834 (CCC) |
| v. | : |
| KIRSTJEN NIELSEN, et al., | : **MEMORANDUM OPINION** |
| Respondents. | : |

**CECCHI, District Judge**:

This matter comes before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Wael Kassam. Having screened the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), the Court dismisses the Petition.

The Court briefly summarizes the facts of this case. Petitioner is an Egyptian national who entered the United States on a temporary visa, and subsequently overstayed said visa. A final order of removal was issued against him, but he was paroled on an order of supervision. In 2017, he was removed to Egypt. Prior to his removal, Petitioner filed a motion to reopen, arguing that changed circumstances in his home country entitled him to immigration relief. The motion was granted after his removal, and Petitioner was allowed back into the country. Upon reentry on May 31, 2018, he was promptly detained by immigration officials due to the ongoing immigration proceeding. Petitioner was initially detained under 8 U.S.C. § 1226(a), but at his bond hearing before the immigration judge, Respondents argued that he was instead an arriving alien without a valid visa, so mandatory detention is authorized under 8 U.S.C. § 1225(b). On that basis alone, the immigration judge denied bond.

The Petition raises four grounds for relief: (1) Respondents violated Petitioner's constitutional rights by not giving effect to the order reopening his immigration case, which should have restored his immigration status to that prior to his order of removal; (2) Petitioner's present detention violates his constitutional rights; (3) restrictions of Petitioner's visitation rights while in immigration detention violate his constitutional rights; and (4) termination of in-person hearings during Petitioner's immigration proceedings by Respondents violated his constitutional rights. None of these claims entitle Petitioner to habeas relief.

With regard to Grounds Three and Four, federal habeas relief lies only upon challenges to the fact or duration of a petitioner's confinement, and when the relief he seeks is immediate or speedier release from imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If a petitioner is "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release . . . . habeas corpus is not an appropriate or available federal remedy," and the attack should "be brought under the Civil Rights Act in federal court[.]" *Id.* at 494. Because Grounds Three and Four do not challenge the fact or duration of Petitioner's detention, they are not cognizable claims in a habeas petition, and are therefore dismissed.

With regard to Ground One, to the extent that Petitioner is challenging the determination of his immigration status, that is also barred by *Preiser* because it does not challenge his detention. To the extent that Petitioner argues that his status resulted in his present detention, that is essentially the same challenge as Ground Two. Before the Court analyzes the merits of Ground Two, the Court notes that Petitioner appears to concede that Respondents had the authority to detain him due to his ongoing immigration proceedings. (ECF No. 1 at 7); *see* 8 U.S.C. § 1226(a). A § 1226(a) detainee has the right to a bond determination by an immigration judge. *See*

*Nepomuceno v. Holder*, No. 11-6825, 2012 WL 715266, at *1 (D.N.J. Mar. 5, 2012). As summarized above, however, Petitioner admits that he did in fact receive a bond hearing before an immigration judge. Whether or not the immigration judge erred in denying bond on the basis that Petitioner was a § 1225(b) detainee, the Court has no authority to review bond determinations by an immigration judge. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); *Asemani v. Att'y Gen. of U.S.*, 140 F. App'x 368, 376 (3d Cir. 2005) (noting that a federal statute "specifically prohibits direct review of bond orders"); *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) ("This Court, does not have the power to second guess the discretionary decision of the IJ to deny Mr. Pena's release on bond."). The Court also has no authority to review an immigration judge's determination that Petitioner is detainable under § 1225(b). *See Davidson v. Green*, No. 16-3704, 2017 WL 1250991, at *1 n.1 (D.N.J. Mar. 24, 2017).

To the extent that Petitioner argues that his present detention under § 1225(b) is itself unconstitutional, the Supreme Court has already held that mandatory immigration detentions up to six months are presumptively reasonable. *See Demore v. Kim*, 538 U.S. 510, 531 (2003). Here, Petitioner's present detention has not exceeded six months. As such, the Petition asserts no valid ground for relief, and is therefore dismissed.

Date: August 1, 2018

_____
Claire C. Cecchi, U.S.D.J.

3